14    PEOPLE ex rel. RUTHERFORD v. COUNTY COURT.

Fourth Department, Oc.o e . Term, 1882.

So ordered.

_____

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS RUTHERFORD, Respondent, v. THE COUNTY COURT OF ORLEANS COUNTY and Others, Appellants.

*Drainage proceedings — the County Court may appoint commissioners of appraisal — 1869, chap. 888, and 1871, chap. 303 — the regularity of the appointment of de facto drainage commissioners cannot be attacked collaterally.*

Under the statutes authorizing proceedings to be taken for the draining of lands (chap. 888 of 1869 and chap. 303 of 1871) the county court has power to appoint commissioners of appraisal, when the drainage commissioners cannot agree with a land owner upon the compensation to be made.

An application for the appointment of commissioners of appraisal cannot be defeated by showing irregularity in the manner of the appointment of the drainage commission, where the members of the latter commission are commissioners *de facto.*

Appeal from an order of the Special Term directing a writ of prohibition to issue to the County Court of Orleans county, pro-

PEOPLE ex rel. RUTHERFORD v. COUNTY COURT. 15

Fourth Department, October Term, 1882.

hibiting the appointment in that court of commissioners of appraisal in certain proceedings for draining lands.

*John H. White*, for the appellants.

*John Cunneen*, for the respondent.

Smith, P. J.:

Waiving the question whether, upon the assumption that the County Court has not jurisdiction to appoint commissioners of appraisal, the case is a proper one for the issuing of a writ of prohibition, we are of the opinion that the lack of such jurisdiction in that court does not appear.

It is contended on the part of the relator that the statutes authorizing proceedings for draining lands do not vest County Courts with power to appoint commissioners of appraisal, and that when such proceedings instituted in a County Court have reached a stage where the appointment of commissioners of appraisal becomes necessary, such commissioners can only be appointed by the Supreme Court. This conclusion is reached by a construction of certain language contained in the statutes referred to, in which we are not prepared to concur. Jurisdiction of draining proceedings is given to the County Court by chapter 888 of the Laws of 1869, as amended by chapter 303 of the Laws of 1871. The ninth section of the act of 1869 provides that when the drainage commissioners cannot agree with a land owner upon the compensation for making a ditch or channel upon his land they shall proceed to acquire " title to the said easement upon and across the land of such person in the manner, so far as the same is applicable, prescribed by chapter 140 of the Laws of 1850, entitled ' an act to authorize the formation of railroad corporations, and to regulate the same,' and the acts supplemental and amendatory thereto." Section 14 of the act of 1850 provides, among other things, that a petition for the purpose of acquiring title under that act shall be presented to the Supreme Court, and this provision is supposed by the relator's counsel to apply to like proceedings under the drainage acts. But the " manner " of procedure under the railroad act is borrowed by the drainage statute, only so far " as it is applicable " to proceedings

thereunder, and as the County Court is the sole forum which can entertain proceedings for draining lands, the particular provision referred to is not applicable to such proceedings. In other words, the intention of the act is that the collateral proceeding for the appointment of commissioners of appraisal shall be had in the same forum in which the principal proceeding is conducted, and it is there to be carried on in the manner prescribed in section 14 of the railroad act so far as the same is applicable thereto.

It is also contended on the part of the relator that in the present case the drainage commissioners, who signed and verified the petition that was presented for the appointment of commissioners of appraisal, were appointed by the county judge and not by the County Court, and for that reason their appointment was not valid, and the petition signed by them furnished no basis for the action of the County Court in appointing commissioners of appraisal. But they were commissioners *de facto*. Their acts were valid so far as the public is concerned, and the question whether they were commissioners *de jure* cannot be raised collaterally.

The order should be reversed and the writ of prohibition quashed, with ten dollars costs and disbursements.

HARDIN, J., concurred; HAIGHT, J., not sitting.

So ordered.